UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| TRINITY GUARDION, INC. | ) | CASE NO. 22-90227-AKM-11 |
| | ) | |
| Debtor(s). | ) | |

**OBJECTION TO MOTION FOR RELIEF FROM STAY AND
TO LIQUIDATE CLAIM**

Trinity Guardion, Inc., debtor-in-possession ("Trinity" or "Debtor"), by counsel, in support of its Objection (the "Objection") to Motion for Relief from the Automatic Stay Pursuant and to Liquidate Claim (the "Motion"), filed by Jean-Ann Downey, as Trustee of the Jean Ann Downey Trust dated 8/15/90 (the "Trust") respectfully states as follows:

**I.  Jurisdiction and Venue**

1. On March 23, 2022 (the "Petition Date"), Trinity filed its voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq., as amended (the "Bankruptcy Code").  Trinity continues to operate its businesses and manage its property as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

3. On March 30, 2022, the Trust filed the Motion.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief requested in the Motion are 11 U.S.C. §362.

## II. General Background

7. The Trust is the plaintiff in litigation pending in DuPage County, Illinois captioned 2016 L 000054 (the "State Court Action"), Downey + Rippe, LLC ("D&R") and as defendants/third party plaintiff and James Downey Third Party Defendant.

8. The State Court Action alleges, *inter alia*, claims against D&R and Trinity, including, but not limited to an alter ego theory of liability of Trinity.

9. The State Court Action has an extensive history including trials, appeals, conferences, mediation and a variety of hearings.

10. Trinity filed its proceeding on the Petition Date to meet the jurisdictional debt limitations for making the Sub V election before the sunset deadline.

11. The Trust filed its Motion requesting that the automatic stay be lifted so that the Trust may proceed to liquidate its claim in the State Court Action.

12. In its Motion, the Trust makes numerous Factual Background and Procedural History allegations the vast majority of which Trinity disputes.

13. The Trust attaches several Exhibits to the Motion which are either irrelevant, immaterial, not admissible, or do not reflect the full record of the State Court Action.

14. Trinity shall not address each of the allegations in the Motion as that is the purpose of an evidentiary hearing if the Trust is relying on those allegations for the relief sought in the Motion.

## III. Legal Argument

The Trust filed the Motion to proceed with the State Court Action. The Motion does not deal with property of the bankruptcy estate. As such, 11 U.S.C. §362(e)(1) is not applicable requiring a hearing in thirty (30) days. The Motion is governed by 11 U.S.C. §362(e)(2) which provides that the stay shall terminate within sixty (60) days unless a final decision is made on the

Case 22-90227-AKM-11   Doc 49   Filed 04/15/22   EOD 04/15/22 09:59:00   Pg 3 of 7

Motion or the period is extended by agreement of the parties or by the court upon finding of good cause.

Trinity acknowledges that the Seventh Circuit has adopted a three-factor test to determine the existence of cause under 11 U.S.C. §362(d)(1) to determine if the stay should be lifted. The Seventh Circuit standard for granting relief from the stay for cause is:

    a)    Any great prejudice to either the bankruptcy estate or the debtor will result from the continuation of the civil suit,

    b)    The hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship to the debtor, and

    c)    The creditor has a probability of prevailing on the merits.

*In re Fernstrom Storage & Van Co.* 938 F. 2d 731, 735 (7th Circ. 1991).

The Trust fails on each of the prongs. There is simply no basis for granting relief from the stay premised on the Trust's Motion.

**Trinity and the Bankruptcy Estate will Suffer Substantial Prejudice.**

The Trust is asserting that Trinity is the alter ego of D&R. If the court in the State Court Action is allowed to proceed, this court is relinquishing jurisdiction over the scope of the bankruptcy estate and the scope of the creditor pool in this proceeding. If the decision in the State Court Matter is that Trinity is the alter ego of D&R then all assets of D&R and all liabilities of D&R are swept into this bankruptcy. Further all offsets, counter claims and defenses of D&R could be lost to the detriment of Trinity, the estate and creditors. Legitimate creditors of Trinity will be subject to, and potentially subordinate, to the debt of D&R, including the Trust's liability, if any. The court in the State Court Action is not concerned with, and with all due respect, does not understand the ramifications of its decisions on Trinity, its creditors, investors and equity holders. The scope of the relief that the Trust is requesting has ramifications far beyond what is

3

being represented in the Motion. Trinity, the estate and legitimate creditors and equity holders will be substantially prejudiced from granting stay relief.

The Motion anticipates that the Trust will prevail in the State Court Action. However, there are substantial procedural and factual disputes remaining pending in the State Court Action. If the Trust does not prevail, lifting the stay would permit the Trust to further appeal. If the Trust does prevail, Trinity would potentially be forced to appeal to preserve its position. The likelihood of an appeal by the losing party is probable given the litigious nature of the State Court Action. Forcing Trinity back into the State Court Action would be substantially prejudicial to Trinity and the bankruptcy estate.

Further, Trinity is focused on continuing with business operation, research and development. In the next few weeks, Trinity has project development tests to address. Trinity cannot continue to defend the State Court Action to the detriment of its business affairs and the reorganization.

**Maintaining the Stay Would Not Impose an Undue Hardship on the Trust.**

The continuation of the stay will in no way impose an undue hardship on the Trust. The Trust can participate in the bankruptcy proceeding of Trinity. Disputed claimants have standing to raise issues in a reorganization without their claim being validated. The Trust need not have its claim adjudicated in the State Court Action. In fact, the Trust incurs no hardship by the continued imposition of the stay. The Motion's only reasoning for the hardship is that an elderly lady has litigated for six years and should be entitled to a judgment in the State Court Action. However, the plaintiff in the State Court Action and the Movant before this court is the Trust. The Trust's emotional plea lacks merit.

The claim of the Trust, if any, will be addressed during the course of this proceeding. In a Sub V filing, Trinity shall file a plan in ninety (90) days. Trinity does not need the Trust, or any

unsecured creditors, to accept a plan to obtain confirmation in this Sub V bankruptcy. A determination of an unsecured claim, if any, of the Trust is not an undue hardship on the Trust.

All that is before the court is the Trust's request for relief from the stay. The plan could address the stay issue as to the Trust or moot the Trust's claim in its entirety. Trinity recognizes that any plan will need to address the claim of the Trust. Or the claim of the Trust will be the subject to a claims allowance matter. Relief from the stay, if any, is more appropriate in a claims process. Until the claim of the Trust becomes an issue in the bankruptcy proceeding, the Trust does not incur any hardship.

**Probability of Prevailing**

The facts of *Fernstrom* are easily distinguished. *Fernstrom* dealt with a creditor seeking relief from the stay to pursue insurance proceeds. The creditor was unaware of the bankruptcy proceeding and had litigated for collection of insurance proceeds for six years after a bankruptcy filing. The stay motion sought relief to proceed against the insurance policies of the debtor, not the debtor itself. Fitting the facts in F*ernstrom* into the formula for granting stay relief was pretty simple for the Seventh Circuit. The probability of prevailing was demonstrated by the fact that at least one of the insurance companies had already paid the creditor under the policy.

Again, the Motion asserts numerous allegations that it expects this court to accept as undisputed facts. Trinity disputes the Trust's recitation of the history between the Trust, D&R and Trinity. Further, Trinity disputes the issue currently before the court in the State Court Action. At the conclusion of the self-serving statements, the Motion concludes that the Trust has a probability of prevailing. Trinity maintains that the appellant court decision directs a new trial on all issues in the State Court Action contrary to the assertions of the Trust. The Motion is forum shopping by the Trust seeking to litigate in the State Court Action where it believes it has a sympathetic judge. The Trust has not shown that it has a probability of prevailing.

## IV. Conclusion

The Trust has failed to meet the *Fernstrom* standards for obtaining relief from the stay. The Motion should be denied. In the alternative, the Motion should be preliminarily denied and the motion reset in one hundred twenty (120) days allow for the filing of claims and a Sub V plan of reorganization in this proceeding.

Respectfully submitted,

HESTER BAKER KREBS LLC

By   */s/ David R. Krebs*
      David R. Krebs
      Hester Baker Krebs LLC
      One Indiana Square, Suite 1330
      Indianapolis, IN 46204
      (317) 833-3030
      Fax: (317) 833-3031
      Email: dkrebs@hbkfirm.com

*Proposed Attorneys for the Debtor*

*[The balance of this page intentionally left blank]*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 15, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- Andrew May    amay@nge.com, ecfdocket@nge.com,cdennis@nge.com
- Dennis J Perrey    dennis.perrey@yahoo.com
- Steven Pflaum    spflaum@nge.com, ewilson@nge.com,ecfdocket@nge.com
- Damaris D Rosich-Schwartz    damaris.d.rosich-schwartz@usdoj.gov
- U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
- Thomas Wolford    twolford@nge.com, cdennis@nge.com,ecfdocket@nge.com

I further certify that on April 15, 2022, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

n/a

*/s/ David R. Krebs*
David R. Krebs